**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jerovan BENITEZ, Defendant–
Appellant.**

No. 09–41232
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 2010.

David Haskell Henderson, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

Bernard John Shealy, Federal Defender's Office, Beaumont, TX, for Defendant–Appellant.

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Jerovan Benitez appeals the 78–month sentence imposed following his guilty-plea conviction for possession with intent to distribute 500 grams or more of cocaine. He contends the district court erred in failing to reduce his sentencing offense level for acceptance of responsibility. Benitez asserts that his alleged denial of involvement with the transportation of cocaine was an error in translation by the interpreter.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir.2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

A "factual determination" is used in deciding whether a defendant is entitled, under Guideline § 3E1.1, to a downward adjustment for acceptance of responsibility. *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir.1999). "We will affirm a sentencing court's decision not to award a reduction under … § 3E1.1 unless it is 'without foundation,' a standard of review more deferential than the clearly erroneous standard." *Id.* (quoting and citing *United States v. Hooten*, 933 F.2d 293, 297 (5th Cir.1991)); *see also United States v. Juarez–Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

"If a defendant enters a guilty plea prior to trial, truthfully admits the conduct comprising the offense, and admits, or at least does not falsely deny, any additional relevant conduct for which he is accountable, the court may find significant evidence of the defendant's acceptance of responsibility." *United States v. Medina–Anicacio*, 325 F.3d 638, 648 (5th Cir.2003); *see* U.S.S.G. § 3E1.1, cmt. n. 3. Pleading guilty, however, does not entitle the defendant to a reduction as a matter of right;

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence of the defendant's acceptance of responsibility may be outweighed by conduct inconsistent with such a claim of responsibility. U.S.S.G. § 3E1.1, cmt. n. 3.

Although Benitez pleaded guilty, the district court was within its bounds of discretion to find that Benitez had misrepresented facts to minimize his role in the offense. Benitez's assertion that there was merely a misinterpretation in the translation of his statement concerning the type of drugs involved was contradicted by the following evidence in the presentence investigation report (PSR): he and his brother were observed loading the truck with items taken from the mobile home; a cocaine packaging area was discovered in the mobile home where he slept; and, his brother-in-law stated that Benitez was allowed to package cocaine at their mobile home. Benitez's contention that he was asked to transfer marijuana from Houston after he arrived there to pick up a W–2 form from an employer was not credible in the light of the Agents' surveillance of the mobile home and the interview of Benitez's sister and brother-in-law-the residents of the mobile home. Benitez has not provided any evidence, other than his own self-serving statements, to rebut the information in the PSR. *See United States v. Solis,* 299 F.3d 420, 455 (5th Cir.2002).

Under these circumstances, especially under our extremely deferential standard of review for acceptance-of-responsibility rulings, the district court did not err in deciding that Benitez had not sufficiently accepted responsibility to receive a downward adjustment under Guideline § 3E1.1. *See United States v. Whitfield,* 590 F.3d 325, 368–69 (5th Cir.2009), *petition for*

---

*cert. filed,* 78 USLW 3715 (24 May 2010) (No. 09–1422).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.